**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| LISA HILL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:25-CV-1001-ALM-EPD |
| v. | ) | |
| | ) | Judge Algenon L. Marbley |
| DEPUY SYNTHES, INC., et al., | ) | Magistrate Judge Elizabeth Preston Deavers |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

Whereas:

- Each Party desires the exchange of information during the discovery phase of this litigation.

- Each Party agrees that information exchanged may contain trade secrets or other information belonging to Defendants which is confidential under Pennsylvania law.

- Defendants, as for-profit businesses, have an interest in keeping their trade secrets and other confidential, research, development, competitive or commercial information confidential and protected to the extent allowed under law.

- Parties recognize Defendants and related entities have already reviewed for confidentiality substantial numbers of documents which have been produced subject to a confidentiality designation in MDL 2244; to the extent any such documents are

produced in this case, Parties agree that they wish to avoid the cost and expense of any pre-production review to conform to the requirements of this Order.

- The Parties to this proceeding recognize that they will be required to produce or disclose certain confidential or private information and documents and that disclosure of such information and documents without reasonable restriction on its use may cause harm, damage, loss, or disadvantage to the Parties or nonparties.

Plaintiffs and Defendants hereby stipulate and agree as follows:

1. **Definitions.**

   a. "Action" or "Proceeding" means the above-captioned proceeding.

   b. "Confidential Material" means any Document, Testimony, or Information that a Designating Party reasonably believes to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G) or other applicable laws or regulations and that the Party designates as such under this Order.

   i. Confidential Material includes, but is not limited to:

   (1) Plaintiffs' or a third-party patient's personal identifying information, financial information, or medical/insurance information;

   (2) A trade secret (as defined in the Uniform Trade Secrets Act) and other confidential and/or proprietary research, development, or information such as financial and other business planning information, technical data, manufacturing processes, product specifications, engineering and testing information, distribution processes, or other business information of commercial value or competitive sensitivity;

2

(3) All material, data, copies, and information obtained, derived, or generated from Confidential Material;

(4) Income tax returns (including attached schedules and forms, W-2 forms and 1099 forms); and/or

(5) Personnel or employment records of a person who is not a party to a case.

ii. Confidential Material does not include:

(1) Documents, Testimony, or Information designated at any time as "not confidential" by order of any court; and/or

(2) Documents, Testimony, or Information obtained at any time by any person or entity through a Freedom of Information Act or other public records request.

c. "Consultant" means a case-specific expert, consultant, or medical professional whom counsel has retained, or is considering for retention, to assist in preparing for the trial of the Action, whether or not designated as a testifying expert.

d. "Copy" or "Copies" includes electronic images, duplicates, extracts, summaries, compilations, or descriptions, including copies on any litigation-support application.

e. "Court" means the Honorable Judge currently assigned to this Proceeding or any other judge to which any aspect of this Proceeding may be assigned. "Court" includes Court staff.

f. "Designated Material" means material that is designated as "Confidential" or "For Attorney's Eyes Only". Material with the supplemental designation "For

3

Attorney's Eyes Only" (which imposes additional disclosure restrictions, as more specifically described below) shall also be designated and deemed "Confidential" for all other purposes of this Order.

g.    "Designating Party" means the Party or non-party that designates Documents, Testimony, or Information as Confidential Material.

h.    "Disclose," "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Information, Documents or Testimony, or any portion of Documents or Testimony.

i.    "Document" or "Documents" has the meaning set out in Federal Rule of Civil Procedure 34(a) and includes electronically stored information.

j.    "Information" includes the content of Documents or Testimony, as well as any matter derived therefrom or based thereon.

k.    "Parties" means the parties to this Action and, as applicable, the Parties' respective corporate parents, subsidiaries, affiliates, successors, attorneys, principals, experts, consultants, representatives, directors, officers, and employees.

l.    "Producing Party" means any Party or non-party that discloses Documents, Testimony, or Information in this Proceeding.

m.    "Qualified Person" means any person or entity authorized to receive or see Confidential Material under the terms of this Order.

n.    "Receiving Party" means any Party to whom Documents, Testimony, or Information are disclosed in this Proceeding.

o.    "Testimony" means all depositions, declarations, or other pre-trial statements, whether or not given under oath, produced and/or used in this Proceeding.

2. **Scope**.

    a.    This Order governs all hardcopy and electronic materials, the Information contained therein, all other Information, and all copies disclosed in this Proceeding that are identified by the Designating Party as "Confidential" or "For Attorney's Eyes Only" under this Order. This Order is intended to facilitate prompt, orderly, and cost-effective discovery and preparation for trial of this Proceeding.

    b.    This Order is binding upon all current and future Parties (as defined above), their counsel, and all signatories to the Non-Disclosure Agreement attached hereto as Exhibit A, the terms of which are deemed to be included as part of this Order. This Order is subject to the Local Rules of the U.S. District Court for the Eastern District of Pennsylvania and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

        i.    To enable the Court to exercise its jurisdiction, counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client(s) have provided any Confidential Material, which list shall be available for inspection by the Court. Notwithstanding the foregoing, nothing in this subparagraph shall be construed to require any Party to disclose the identity of any expert or consultant not required to be disclosed under the Federal Rules of Civil Procedure, or to require disclosure prior to the time that such expert and/or consultant is required to be disclosed under the Federal Rules of Civil Procedure or applicable case management orders.

    c.    Nonparties that so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Designating Party for purposes of this Order.

d.    The entry of this Order does not preclude any Party from seeking further order of this Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper.

e.    Nothing herein shall be construed as an admission or concession by a Designating Party that any Designated Material constitutes material, relevant, or admissible evidence in this Action.

3.    **<u>Designation of Material as "Confidential" or "For Attorney's Eyes Only."</u>**

a.    <u>Documents</u>.

i.    Any Party may designate any document(s) as Confidential by placing or affixing thereon in such manner as will not interfere with the reasonable legibility of the materials one of the following notice(s), or an otherwise similar appropriate notice: "Confidential Document," or "Protected Document." The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.

ii.    **Documents With Designations From MDL 2244**: If, prior to the date of this Order, Defendants and related entities made designations of confidentiality under the Pinnacle MDL 2244 Protective Order for documents produced in MDL 2244 and thereafter produced in this Matter, such documents designated under the MDL Protective Order can be produced in this litigation (bearing any designation or nomenclature of confidentiality approved under the MDL Protective Order) and will be deemed have been designated as a "Confidential Document" under the terms of this Order. Documents may still have their designations challenged the same as any other document designated under this Order.

iii.   Documents Produced in Image, PDF, or Hardcopy Form.

(1)   The Designating Party shall place a stamp or marking on each image that states in substance the following: "PROTECTED DOCUMENT. DOCUMENT SUBJECT TO PROTECTIVE ORDER." or "PROTECTED DOCUMENT - ATTORNEYS' EYES ONLY. DOCUMENT SUBJECT TO PROTECTIVE ORDER."

(2)   Such stamps or markings shall not obscure, alter, or interfere with the legibility of the original document.

(3)   All Copies (as defined above) shall contain the same designation stamp or marking as contained on the original.

iv.   Documents Produced in Native Format ("native files"). A Designating Party shall rename each native file to include, at the end of the file name and prior to the file extension, the following language: "Confidential" or "Atty Eyes Only".

b.   Deposition Testimony and Exhibits.

i.   For 30 days after counsel in this Proceeding have received from the court reporter a copy of a deposition transcript, the entire testimony, the entire transcript, and all exhibits shall be treated as Confidential Material under this Order. Thereafter, specific Testimony or exhibits identified by a Designating Party as Confidential Material shall remain subject to this Order.

ii.    A Party may designate as Confidential Material deposition Testimony or an exhibit, as follows:

    (1)    The Party may designate the Testimony or exhibit on the record at the deposition, or

    (2)    The Party may make the designation no later than 30 days after receiving from the court reporter a copy of the deposition transcript, by informing all counsel that Testimony or exhibits constitute Confidential Material.

iii.    Confidential Material designated before or at a deposition shall not be shown to a witness who is not a Qualified Person as described below, and persons attending the deposition who are not Qualified Persons may be excluded from the portions of the deposition during which Confidential Material is disclosed.

iv.    When deposition Testimony or its exhibits are designated for protection, the transcript or exhibit pages containing Confidential Material shall be labeled with words that state in substance "PROTECTED DOCUMENT. DOCUMENT SUBJECT TO PROTECTIVE ORDER." or "PROTECTED DOCUMENT - ATTORNEYS' EYES ONLY. DOCUMENT SUBJECT TO PROTECTIVE ORDER."

c.    Pleadings, Written Discovery Materials, and Motion Papers.

i.    A Party may designate as Confidential Material portions of pleadings, motion papers (written motions, affidavits, and briefs), and written

discovery papers (requests and responses) as long as they are considered Confidential Material as defined under Paragraph 1(b).

ii.    A Party preparing such written papers should designate portions as Confidential Material when the papers are served or filed. Papers containing Confidential Material shall be filed with a motion for leave to file under seal in the manner set forth in Local Rules 5.8 and 26.2.

iii.   A Party receiving written papers that contain Confidential Material but are not so designated shall make designations within 30 days after service or filing of the papers.

d.    Other Confidential Material.

i.    With respect to Confidential Material produced in a form not addressed above (*e.g.*, DVDs, portable hard drives, or other tangible items), the Designating Party shall affix in a prominent place on the exterior of the items a legend that states in substance "PROTECTED DOCUMENT. DOCUMENT SUBJECT TO PROTECTIVE ORDER." or "PROTECTED DOCUMENT - ATTORNEYS' EYES ONLY. DOCUMENT SUBJECT TO PROTECTIVE ORDER."

e.    Confidential Material Disclosed by a Non-Party.

i.    For 30 days after a non-party discloses Documents, Testimony, or Information in this Proceeding, the entire disclosure shall be treated as Confidential Material under this Order.

ii.    Either the non-party or a Party may notify all other Parties within 30 days of the non-party disclosure that all or specific portions of the disclosure are

Confidential Material. Thereafter, the designated portions shall remain subject to this Order.

4. **Required Handling of Confidential Material.**

   a. Access to and disclosure of Confidential Material shall be strictly limited to those persons designated as Qualified Persons, below.

   b. Unless specifically provided otherwise in this Order, each Qualified Person identified in Paragraph 5 who has possession or control of Confidential Material (including any person or entity acting on behalf of, or for the benefit of, such Qualified Person as authorized in this Order): (i) shall not permit or enable unauthorized dissemination of Confidential Material to anyone; (ii) shall take all necessary and prudent measures to preserve the security of Confidential Material, including measures to minimize risks of unauthorized hacking of systems on which Confidential Material is stored or through which it is transmitted; and (iii) absent express written authorization from the Designating Party, shall physically store, maintain, and transmit Confidential Material solely within the United States.

   c. Confidential Material shall not be disclosed in any way to anyone for any purpose other than as required for the preparation for trial in this Action or any appeals in connection with the disposition of this Action.

      i. Nothing in this Order shall preclude a Party from introducing into evidence at trial or evidentiary hearing any Confidential Material that is admissible under applicable law. Confidential Material used in any court proceeding in connection with this Action shall not lose its confidential status through such use. At trial or evidentiary hearings, the Court may take such other measures, or enter separate orders, as the Court deems appropriate or upon

request by any Party, to protect the claimed Confidential Material sought to be introduced or admitted.

d.  Confidential Material shall not be used for any business, competitive or other purpose not related to civil litigation without the express written consent of counsel for the Designating Party or by order of the Court.

    i.  Nothing in this Protective Order shall limit any Designating Party's use of its own documents or shall prevent any Designating Party from disclosing its own Designated Material to any person for any purpose.

    ii.  Nothing herein shall prevent Plaintiffs from viewing or receiving and retaining copies of his own medical records and from disclosing such medical records to, and sharing them with, his physicians.

    iii.  Nothing herein shall prevent Defendants from viewing or retaining copies of medical records of Plaintiffs that are in their possession or control or from disclosing such records to other Qualified Persons, regardless of whether the documents have been designated as Confidential Material.

    iv.  Disclosures described in the above subparagraphs shall not affect any confidential designation made pursuant to the terms of this Protective Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the designated Information, Testimony, and/or Document.

e.  If, notwithstanding the requirements of this Protective Order, Confidential Material received by a Party is disclosed to any person other than in the manner authorized by this Order, or if a Party or any Qualified Person affiliated with a Party becomes

aware of an unauthorized attempt to hack any system containing Confidential Material and has a reasonable belief that Confidential Material was accessed, that Party shall immediately inform the Designating Party of all pertinent facts relating to the disclosure or attempted hack and shall also make prompt reasonable efforts to prevent further disclosure of, or to protect against additional attempts to hack any system containing, Confidential Material.

5. **Qualified Persons With Respect to Confidential Material.**

Confidential Material may be disclosed only to the following Qualified Persons and solely to assist counsel in preparing for trial in this Action:

a. All Parties as defined above;

b. The Parties' counsel, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in this Action;

c. Consultants, as defined above, except that no disclosure of Confidential Material shall be made to a Consultant if:

    i. The Consultant has not first signed a copy of Exhibit A;

    ii. The Consultant is a consultant, employee, officer or director of any competitor of DePuy or at the time of disclosure reasonably anticipates becoming a consultant, employee, officer, or director of any competitor of DePuy. A "competitor" shall be defined as any medical device manufacturer that manufactures artificial hip joints; and

    iii. Counsel for the Party retaining the Consultant has, or reasonably should be expected to have through duly diligent inquiry of the Consultant, knowledge

that the Consultant has been found to have violated the terms of a protective order in any litigation or legal proceeding;

d.    A witness at a deposition or pre-trial hearing and only after the witness has signed a copy of Exhibit A or consents under oath on the record to abide by the requirements in Exhibit A.

        i.    This provision does not preclude the Designating Party from objecting to or moving to preclude disclosure to any deponent or witness, or to seek amendment of this provision in the future, if it believes it has a good-faith basis for such objection or motion;

e.    A person identified in the Confidential Material as an author, source, addressee, or recipient of the communication, or who already has a copy of the Confidential Material;

f.    Any other person mutually agreed upon among the Parties, provided that such person has been informed of this Protective Order and has signed a copy of Exhibit A;

g.    Any mediators or arbitrators selected to assist in resolution of this Action, and their personnel who are actively engaged in assisting them, if they have signed a copy of Exhibit A; and

h.    The Court or any Court personnel, including any court reporters.

6.    **<u>Supplemental Designation Requirements for Disclosure of Sensitive Trade Secret Information – "Attorney's Eyes Only" Designations.</u>**

a.    Where specific information touches upon a Disclosing Party's unique proprietary interests as contemplated by the definition in Section 1(b)(i)(2), and the Disclosing Party reasonably believes that the disclosure of such information would cause the

Disclosing Party serious competitive and commercial harm, the Disclosing Party may designate and produce the information "For Attorney's Eyes Only." Absent further agreement by the Parties, or Order of the Court, information designated "For Attorney's Eyes Only" will only be disclosed to persons described in Sections 5(b) and 5(h), above.

b.     A Party may challenge the designation of "For Attorney's Eyes Only" by the same procedure as is established in Section 7, below.

c.     Information and documents designated "For Attorney's Eyes Only" at the time of production will be produced separately and identified as such to each Receiving Party in the conveyance documents.

d.     Information and documents designated "For Attorney's Eyes Only" will also deemed to be designated as "Confidential" for all other purposes of this Order.

e.     The Parties agree to meet and confer to discuss reasonable modifications to the procedures set forth in this section if compliance with the procedures becomes burdensome. Any dispute over modifications to this section shall be raised with the Court.

7.     **Challenges to Designations.**

a.     The Designating Party bears the burden of establishing the basis for "Confidential" or "Attorney's Eyes Only" designations.

b.     Nothing in this Order shall constitute a waiver of any Party's right to challenge the designation of Documents, Testimony, or Information as "Confidential" or "For Attorney's Eyes Only" Material.

c.     If a Party contends that any Designated Material has been improperly designated or improperly redacted, the challenged material shall continue to be treated as it is

designated until the Parties reach a written agreement or this Court issues an order determining that the material shall not be given its treatment as designated.

d.    To challenge designations of Designated Material, counsel for the challenging Party shall advise counsel for the Designating Party, in writing, of the specific Designated Material (identified by Bates number, if possible) to which each challenge pertains (the "Designation Challenges").

e.    Counsel for the Designating Party shall have 30 days from receipt of the Designation Challenges to state in writing whether the designations will be maintained or withdrawn.

f.    If the Designating Party maintains designations for any Designated Material, the Parties shall have 10 days to meet and confer in good faith to attempt to resolve their disputes. The 10-day period may be extended by agreement of the Parties.

g.    If the Parties cannot resolve all disputes at the end of the period described in Paragraph 7(f), the Designating Party shall file a motion seeking an order that some or all of the designated materials are properly designated (the "Designation Motion"), within 15 days, unless the Parties agree to extend the time for filing the Designation Motion.

8.    **Use of Designated Material in Court Prior to Trial.**

a.    Unless otherwise ordered by the Court or agreed to by the Parties, should any Party seek to file any documents and deposition transcripts containing or reflecting Designated Material with the Court or any appellate court, said Party shall notify the Designating Party at least five (5) business days in advance if reasonably practicable so that the Designating Party can consider de-designating such material or redacting the material in a manner that is agreeable to the Party seeking to file

15

such document. In any event, the procedures to be followed by the Parties seeking to rely upon Designated Material in papers filed with the Court, including the filing of such Designated Material under seal, shall be in accordance with Local Rule 5.10.

**9.** **Redactions.**

    a.    The Producing Party may redact from produced materials the following items:

        i.    The names, street addresses, Social Security numbers, tax identification numbers, and other personal identifying information of patients, health care providers, and individuals identified in clinical study documentation or adverse event reports. General identifying information, such as patient or health provider numbers, shall not be redacted unless required by state or federal law.

        ii.    The Social Security numbers, tax identification numbers, and other personal identifying information of employees in any records.

        iii.    Other item(s) protected from disclosure by statute or decisional authority, ordered by this Court or Local Rule, or agreed upon by the Parties.

    b.    Defendants may redact nonresponsive information, including, but not limited to, proprietary or financial material and information about products unrelated to this litigation.

    c.    Defendants may redact information regarding the subjects of adverse event reports and related information pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f). All Parties shall retain the right to challenge redactions. Paragraph 7 of this Order shall govern such challenges.

10. **Orders by Other Courts or Subpoenas by Agencies.**

    a.    If another court or an administrative agency requests, subpoenas, or orders the disclosure of Designated Material received by a Party under this Order, that Party, if not prohibited under applicable law, shall notify counsel of record for the Designating Party by email, express mail, or overnight delivery not later than 24 hours following receipt of such request, subpoena or order, and

        i.    shall simultaneously furnish such counsel with a copy of the requests, subpoena, or order, and

        ii.    shall not disclose any Designated Material pursuant to the requests, subpoena, or order prior to the date specified for production.

    b.    The Designating Party may, in its sole discretion and at its own cost, oppose or seek to limit the request, subpoena, or order in any legal manner. The Party that received the request, subpoena, or order shall not oppose or otherwise interfere with the Designating Party's actions.

11. **Disposition of Designated Material.**

    a.    Upon the request of any Designating Party after any appeals or after the time for filing any appeals has passed, each Party so requested shall return to the Designating Party all Designated Material, or shall destroy it, or otherwise shall comply with any applicable order of the Court.

    b.    Each Party shall certify, within 60 days of receipt of a written request for certification, that all Designated Material required to be returned or destroyed has been so returned or destroyed.

    c.    As exceptions to the above requirements, and unless otherwise ordered by the Court, counsel may retain: (1) copies of pleadings or other papers constituting or

containing Designated Material that have been filed with the Court; (2) official transcripts and exhibits thereto; and (3) attorney work product, which, for purposes of this paragraph, shall not include the not-reasonably-accessible material described in Subparagraph 12(d)(iii)(3); and (4) Designated Material that counsel for the Designating Party agrees in writing may be used in other pending matters that have protective orders similar in substance to this Order.

d.   The terms and provisions of this Order shall continue to apply to any such materials retained by counsel.

12.   **Privileged Information.**

a.   The Parties do not intend to disclose Privileged Information. Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), any disclosure of Privileged Information shall not constitute in this Action or any other action a waiver or forfeiture of any privilege otherwise attaching to the Privileged Information and its subject matter.

b.   Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

c.   Any Party receiving materials that reasonably appear to be covered by a privilege shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials.

d.   If a Disclosing Party notifies the Receiving Party that Privileged Information has been disclosed ("Disclosed Privileged Information"),

18

i.  the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Disclosed Privileged Information, unless the Parties agree, or the Court orders, otherwise;

ii.  the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Disclosed Privileged Information that such information is subject to this Order and may not be copied, distributed, or otherwise used; and

iii.  the Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) court days,

(1)  return, destroy, or delete all Disclosed Privileged Information and all notes or other work product revealing its content in the possession, custody, or control of the Receiving Party, its attorneys, or any person to whom the Party provided the Disclosed Privileged Information, and

(2)  provide a certification of counsel that all Disclosed Privileged Information has been returned, destroyed, or deleted.

(3)  For purposes of this Order, Disclosed Privileged Information that is not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B) because stored by the Receiving Party on backup storage media is deemed to be sequestered. Should such data be retrieved, the Receiving Party must promptly take steps to delete the restored Disclosed Privileged Information.

e. To contest a claim of attorney-client privilege or work product protection, the Receiving Party may—within ten (10) business days of receipt of the notice of disclosure—move the Court for an Order compelling production of the contested material ("Disclosure Motion").

f. The Disclosing Party shall retain the burden of establishing its privilege or work product claims.

g. The Receiving Party shall seek to file the Disclosure Motion under seal as provided in Local Rule 5.10 to the extent it discloses documents or information claimed to be privileged by the Disclosing Party; further, the Receiving Party shall request that any Disclosed Privileged Information attached to or disclosed in the Disclosure Motion be deemed submitted solely for the Court's *in camera* review. In no event shall any Disclosed Privileged Information be filed in the public docket or otherwise be provided to the Court in a way that would not maintain confidentiality of the Disclosed Privileged Information.

h. The Disclosure Motion shall not assert as a ground for entering such an Order the fact or circumstances of the production of Disclosed Privileged Information.

i. Pending resolution of the Disclosure Motion, the Receiving Party must not use the contested information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

j. Rule 502. Federal Rule of Evidence ("FRE") 502(b) is inapplicable to Disclosed Privileged Information, which shall receive the maximum protection afforded by FRE 502(d). Under FRE 502(d) and 28 U.S.C. § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal

proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

13.    **Disclosure of Confidential Material.**

a.    Unintentional disclosure to a Party in this Action, without the required confidentiality designation, of any Confidential Material shall not be deemed a waiver in whole or in part of the Disclosing Party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to the same or related subject matter. This paragraph and its subparts shall be interpreted to provide the maximum confidentiality protection allowed under applicable law.

b.    Following any such unintentional production to a Party in this Action, the Disclosing Party may give written notice to each Receiving Party, as soon as feasible after the discovery of the disclosure, that the specific material identified in the notice is Confidential Material under this Order.

c.    Upon receipt of the notice, each Receiving Party shall treat the identified material as Confidential Material until (i) the Parties agree to its non-confidential treatment or (ii) the Court, on motion, determines its appropriate treatment. On any motion, the Receiving Party shall not assert as grounds for relief the fact or circumstances of the disclosure.

d.    Within ten (10) days of receiving the notice, the Receiving Party shall return or destroy all copies of the identified material and shall notify every person or entity to whom the Party distributed the identified material that the material should be destroyed or returned promptly to counsel for the Receiving Party and that, until further notice, the material constitutes Confidential Material under this Order.

e.      As soon as feasible, the Disclosing Party shall re-produce the identified material with the required confidentiality legend.

**14.**      **<u>Order Survives Termination of Action</u>.**

After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding, and the Court shall retain jurisdiction, as necessary to enforce this Order, over any person or entity authorized to receive Confidential Material. This Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys.

**15.**      **<u>Order Subject to Modification</u>.**

This Order shall be subject to modification by the Court on its own initiative or on motion of a Party.

It is SO ORDERED this 20th day of October, 2025.

/s/ Elizabeth A. Preston Deavers
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

We agree to abide by the terms of this Order.

/s/ _Mark Defossez_
Mark Defossez (0054578)
The Donahey Law Firm, LLC
580 South High Street, Suite 200
Columbus, OH 43215
Email: mark@donaheylaw.com
Email: danny@donaheylaw.com

/s/ Molly E. Flynn
David DeVillers (59456)
Samantha Pugh (0101035)
Molly E. Flynn (admitted *pro hac vice*)
BARNES & THORNBURG LLP
41 S. High Street, Suite 3300
Columbus, OH 43215
Telephone: (614) 628-1410
Email: ddevillers@btlaw.com
Email: spugh@btlaw.com
Email: molly.flynn@btlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LISA HILL, )<br><br>Plaintiff, )<br><br>v. )<br><br>DEPUY SYNTHES, INC., et al., )<br><br>Defendants. ) | No. 2:25-CV-1001-ALM-EPD<br><br>Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth Preston Deavers |

## **EXHIBIT A**

I hereby attest that I understand that information or documents designated as Confidential

Material are provided to me subject to the Order dated _____, 2025 (the "Order"), in the

above-captioned litigation ("Litigation"); that I have been given a copy of and have read and

understand the Order; and that I agree to be bound by its terms.

I also understand that my signature below indicates my agreement to be bound by the Order

and is a prerequisite to my review of any information or documents designated as Confidential

Material pursuant to the Order.

I further agree that I shall not use Confidential Material for any purpose other than as

authorized in the Order and that, except as authorized in the Order, I shall not disclose Confidential

Material, in any form whatsoever, to others.

I further agree and attest to my understanding that my obligation to honor the

confidentiality of such Confidential Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the

Order, I may be subject to sanctions, including contempt of court, for such failure.

I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order.


Date: _____

Signed name: _____

Printed name: _____